IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DILLAN ROTH, | ) | |
|     Plaintiff | ) | C.A. No. 22-263 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Susan Paradise Baxter |
| EXACT SCIENCES CORPORATION, | ) | |
| et al., | ) | |
|     Defendants. | ) | |

## **MEMORANDUM ORDER**

Presently before the Court is Plaintiff's motion to compel discovery [ECF No. 37], seeking an Order compelling Defendant to produce certain documents in response to Plaintiff's first set of Requests for Production of Documents that were served upon Defendant on January 23, 2023. In particular, (1) Plaintiff objects to Defendant's position that Plaintiff may not use as evidence in this matter any ESI documents that have already been produced by Defendant to the extent such documents contain medical information of non-parties who also sought medical exemptions; (2) Plaintiff objects to Defendant's withholding of certain documents as privileged; (3) Plaintiff objects to Defendant's redaction of certain information from a video discussing Defendant's COVID-19 vaccination policy; and (4) Plaintiff objects to Defendant's failure to produce any text messages between Sarah Condella and Kevin Conroy.

A telephonic hearing on Plaintiff's motion was held on June 28, 2023, at which counsel for both parties presented arguments in support of their respective positions. During the hearing, the parties agreed that Plaintiff's first objection relates more to the use of documents that have already been produced, which can be addressed later by motions in limine, rather than by a motion to compel.

With regard to Plaintiff's second objection, Defendant argued that the material that was withheld from its responses to motion exhibits 4, 6, and 7, was protected by attorney-client privilege. The Court instructed Defendant to submit unredacted exhibits 4, 6, and 7 to the Court for in-camera review, which Court has completed.

As to Plaintiff's third objection regarding the redacted video content, Defendant's counsel explained that the portions of the video that were redacted were not responsive to Plaintiff's request related to Defendant's COVID-19 policy and pertained to other business matters that are not discoverable. Plaintiff's counsel was instructed to review the video to see if any specific information is missing and, if so, follow up with an exact request to Defendant for such information.

Finally, as to the fourth objection regarding the existence of text messages between Condella and Conroy, the Court will extend the time for additional discovery requests to be made by July 12, 2023, and will allow depositions to be reopened to allow Plaintiff to follow up on any information disclosed in the additional discovery requests regarding such text messages.

AND NOW, this 4th day of August, 2023,

IT IS HEREBY ORDERED that Plaintiff's motion to compel discovery [ECF No. 37] is resolved as follows:

(1) Plaintiff's first request regarding ESI documents already produced with "medical information" is DENIED as premature, without prejudice to the parties' right to raise any such evidentiary disputes in motions in limine;

(2) Plaintiff's second request for Defendant's disclosure of the information redacted from motion exhibits 4, 6, and 7 is GRANTED IN PART AND DENIED IN PART as follows:

    Exhibit 4 (Juliet McClellan Notes) – Page 3 shall remain redacted; Page 4, the one line redaction is not attorney-client privilege and shall be produced unredacted.

    Exhibit 6 (Teams Messages) – Page 2 shall remain redacted.

    Exhibit 7 (Additional Teams Messages) – Page 5 redaction is not attorney-client privilege and shall be produced unredacted; Page 7 redaction shall remain redacted; Pages 9, 10, 11, 12, 14, and 16 redactions are not attorney-client privilege and all shall be produced unredacted.

All content ordered to be produced unredacted shall be produced within 10 days of the order.

    (3) Plaintiff's third request for video content regarding Defendant's COVID-19 vaccination policy is DENIED, without prejudice to Plaintiff's right to make specific requests of exact content he believes Defendant has improperly redacted from the video that has already been produced; and

    (4) Plaintiff's fourth request for text messages between Condella and Conroy is DISMISSED, without prejudice to Plaintiff's right to move to compel production of any text messages that are hereafter discovered, to the extent Defendant fails to produce the same.

    IT IS FURTHER ORDERED that discovery is extended as follows: written discovery requests may be made on or before July 12, 2023, with responses to such discovery to be provided by August 16, 2023. In addition, depositions can be reopened, if necessary, to follow up on the information provided in response to the additional discovery requests.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge